(No. 74-CC-879— 

MONTGOMERY COUNTY SHERIFF'S OFFICE, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Opinion filed April 2, 1975.*

KELLY D. LONG, State's Attorney of Montgomery County, for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This claim, filed on June 24, 1974, seeks payment of the sum of $158.20 for Sheriff's fees allowed by law for conveying the following 4 persons to the penitentiary on the dates stated below:

August 6, 1968
Danny Robinson 35210
to I.S.P., Menard Branch
113 miles at 35 cents per mile ............................ $39.55
July 1, 1968
John E. Gordon 35121
to I.S.P., Menard Branch
113 miles at 35 cents per mile ............................ $39.55
August 29, 1969
Norman Garwood 36194 and
Roger Gruen 36193
to I.S.P., Menard Branch
113 miles at 35 cents per mile x 2 ......................... $79.10
 ————
 Total ............................................... $158.20

Respondent's motion to dismiss on the grounds that the aforesaid services were performed more than two years before the claim was filed will be denied.

The court is of the opinion that the 2-year statute of

limitations on which respondent relies, as stated in §22 of the Court of Claims Act, should not apply to this claim under either of the following theories: (a) The services were rendered by the sheriff under an implied contract imposed by law, or (b) the cause of action did not accrue until the claimant received a letter from the Department of Corrections dated June 17, 1974, which reads in pertinent part as follows:

"We regret that these vouchers did not reach us in time to be scheduled for payment from our appropriations for fiscal years 1969 and 1970. We are prohibited, by law, from paying these charges from our current appropriations. The proper way for you to request payment is by presenting a claim to the Illinois Court of Claims."

We accept claimant's statement that, "Any delay in filing the claim herein has been the direct result of a delay of the said Department of Corrections in either allowing or disallowing said claim, and that this claim was filed within seven days after the denial of the claim by the Department of Corrections."

It is apparent that this claim was not approved by the Department only because funds appropriated for such payment had lapsed.

The claim will be allowed. The claimant, Montgomery County sheriff, is hereby awarded the sum of $158.20 as the fees allowed by law for conveying prisoners.